**SO ORDERED.**

**SIGNED this 02 day of June, 2005.**



_____
**ROBERT E. NUGENT**
**UNITED STATES CHIEF BANKRUPTCY JUDGE**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MELISSA DAWN BAIER, | ) | Case No. 03-15687 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| J. MICHAEL MORRIS, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No. 04-5054 |
| | ) | |
| RITA HERRELL and, | ) | |
| MELISSA DAWN BAIER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The trustee filed this adversary proceeding invoking his hypothetical lien creditor avoidance powers under 11 U.S.C. § 544(a) to avoid an unrecorded mortgage in favor of defendant Rita Herrell that

1

encumbers debtor-defendant Melissa Baier's homestead. In his complaint, the trustee also seeks a determination of the parties' rights in the property. Defendants respond that Ms. Herrell neither requested, received, nor accepted the mortgage. The mortgage, if valid, would be a second lien in Ms. Baier's homestead. Following trial on the trustee's complaint and receipt of post-trial briefs, the matter was taken under advisement.

## Jurisdiction

This adversary proceeding is a core proceeding over which the Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(K).

## Findings of Fact

Defendant Rita Herrell ("Herrell) is debtor-defendant Melissa Baier's ("Baier") mother. Baier filed her chapter 7 bankruptcy on October 16, 2003. While Baier was in the throes of a divorce in 2001, the balloon payment on the second mortgage on her home came due. The original second mortgage was held by Security Savings Bank which also holds a first mortgage on her home.

On November 2, 2001, Baier consulted with her divorce counsel, Wendell Wurst, and advised him that Herrell had offered to pay the remaining balance of $15,285.30 on Baier's second mortgage, and that Baier would pay Herrell back over time. Herrell obtained a cash advance on her credit card in the appropriate amount and gave Baier a check to pay off the second mortgage. Attorney Wurst drafted a promissory note and mortgage (the "individual mortgage") for Baier to execute and deliver to Herrell.[1] Because the divorce was not yet final, Wurst also drew a mortgage for both Baier and her estranged

---

[1] Exhibits 1 and 2.

2

husband to execute (the "joint mortgage").[2]  Baier did not ask Wurst to prepare the instruments, but Baier did sign the note and the individual mortgage at Wurst's office.  He gave the signed originals to Baier with the instructions that she deliver them to her mother and that her mother should record the individual mortgage in the office of the register of deeds.  Wurst also told Baier to secure her husband's signature on the joint mortgage and deliver it to Herrell as well.  Neither mortgage was ever physically delivered to Herrell or recorded.

At trial, Baier produced the original signed note and the original mortgages which she said she found in a file of papers delivered to her by attorney Wurst some months after November, 2001.  Herrell testified that she not only never took physical delivery of these instruments, but that she did not want a mortgage and had not requested one.  It is important to note here that Wurst was Baier's lawyer and that he had never been retained by Herrell for any purpose.  At trial, Wurst testified that he had possession at various times of all three executed instruments and that he gave them to Baier for delivery to her mother.  He did not consider it his obligation to record the mortgages for Herrell and the Court agrees.

Although Baier did not physically deliver the instruments to Herrell, she did tell Herrell about them at some contemporaneous point.  Herrell stressed in her testimony that she did not ask for the mortgage and that it was not important to her.   She conceded, however, that Baier told her about the mortgages.

Although the promissory note dated November 2, 2001 is a term obligation with a due date of February 2, 2002, Baier has, with Herrell's assent, made a series of monthly payments that average $200.  These payments suffice to cover Herrell's monthly credit card payment and were in an amount mother and

---

[2] Exhibit 3.
3

daughter agreed Baier could afford.

Baier listed the debt to her mother as an obligation secured by the mortgage on her bankruptcy schedules and disclosed the payments she made on her statement of financial affairs. She admitted that she signed her schedules and statement of financial affairs under penalty of perjury. This statement in her schedules is inconsistent with her statement in her Answer that "defendants deny that a mortgage was intended or that the steps necessary to create a mortgage were ever completed."[3] This inconsistency is telling because Baier's interests would be far better served were this Court to determine that the mortgage was invalid. Yet, her signature on the note and mortgages is the best evidence of her intention to document a secured indebtedness to her mother and fully discredits her statement in the Answer.

The parties stipulate that the mortgages were properly executed and that neither of them was perfected. If the mortgage is avoided, the trustee intends to enforce it per the terms of the note which is now in default. Although this is a second mortgage which is subordinate in priority to Security Savings Bank's first mortgage, the trustee believes there is equity in the property upon which he can realize. Doing so would entail him foreclosing on the debtor's homestead. All of this hinges on whether or not this mortgage was "delivered" to Herrell as a matter of Kansas property law.

## Conclusions of Law

To be valid, a mortgage must be delivered to the mortgagee. There is very little Kansas law on the delivery of a mortgage. The trustee asserts the legal principles pertaining to the delivery of a deed similarly apply to a mortgage because a mortgage is, to some extent, a conveyance of an interest in real property.

---

[3] Dkt. 4, ¶ 5.

4

The only Kansas case found relating to mortgage delivery and acceptance is *Bailey v. Gilliland*.[4] In this case, Gilliland made a mortgage to Travelers Insurance Company, but delivered it physically to a third party for delivery to Travelers. Travelers affirmatively rejected the mortgage. The Court of Appeals held that delivery and acceptance of a mortgage are essential to its validity and that Travelers rejection of the instrument invalidated it. Hornbook mortgage law also states that delivery and acceptance of a mortgage are essential to the validity of a mortgage.[5] While there is no evidence in this case of overt "acceptance" by Herrell, Kansas law does not require that. Instead, in the absence of a disclaimer or rejection, the acceptance is presumed.[6]

In a long series of deed cases, the Kansas Supreme Court has set down clear rules for determining whether an instrument has been delivered. Those rules are well-articulated in *Yunghans v. O'Toole*,[7] a case where the grantor's attorney prepared a deed to the grantee, but the grantee never physically acquired the deed from the lawyer.[8] Instead, the deed was returned to the grantor who stored it in a safety deposit box and advised the grantee of its location. As the grantor's death became imminent, the grantee

---

[4] 2 Kan. App. 558, 44 Pac. 747 (1896).

[5] 54A Am. Jur. 2d, *Mortgages*, § 93 (2004).

[6] *Hansen v. Walker*, 175 Kan. 121, 124, 259 P.2d 242 (1953) (Recording of deed by grantor constitutes delivery to the grantee even where there is no manual delivery of the deed to grantee; acceptance by grantee (who took possession of home) is presumed in absence of express disclaimer.). *See also, Giefer v. Swenton*, 23 Kan. App. 2d 172, 175, 928 P.2d 906 (1996) (citing *Hansen v. Walker*).

[7] 224 Kan. 553, 581 P. 2d 393 (1978).

[8] The grantee had been directed to pick up the deed from the lawyer's office and record it but failed to do so. 224 Kan. at 556.

5

was given the safety deposit box key, retrieved the deed, and recorded it. Later, other heirs of the grantor challenged the grantee's title, arguing that there had been no valid delivery of the deed. The Kansas court held that delivery is a question of fact: did the grantor's acts or words, or both, manifest an intention to divest himself of the property?[9] Put another way, delivery is a matter of the grantor's intention to divest himself of title as evidenced by all the facts and circumstances surrounding the transaction.[10] Even the return of a deed to the grantor does not defeat its valid delivery.[11]

These principles apply with equal weight to the delivery of a mortgage. While Baier did not request Mr. Wurst to prepare the note and mortgages, she signed them and appears to have understood their import. She clearly intended to repay her debt to her mother. She scheduled the second mortgage in her bankruptcy. The fact that Baier failed to physically deliver the note and mortgage to her mother does not indicate that she lacked the intention of securing her obligation to Herrell with a second mortgage. In fact, she told Herrell she had signed the note and mortgage. Herrell acknowledged this in her testimony. Baier continued to make the payments to her mother and, even though they were not what the promissory note contemplated, Herrell accepted them. Moreover, attorney Wurst told Baier to deliver the mortgages to her mother and have them recorded to protect her mother's interest. Baier did not attribute her failure to do this to her lack of intent to grant the mortgage; rather, she testified that she preferred to avoid unpleasant

---

[9] *Id.* at 556, citing *Libel v. Corcoran*, 203 Kan. 181, 452 P.2d 832 (1969).

[10] *Id.* at 557, citing *Agrelius v. Mohesky*, 208 Kan. 790, 494 P.2d 1095 (1972).

[11] *Id.*

6

matters and that she did not feel competent to record the instruments.[12]

Having determined that delivery of the mortgage occurred and that Herrell made no affirmative repudiation or rejection of it, the Court must apply the unequivocal provisions of § 544(a) even though doing so yields an unpalatable and seemingly unjust result. The mortgage was not recorded. Kansas law requires a mortgage to be placed of record to give constructive notice to the world of its existence and effect.[13] Section 544(a) vests the trustee with the powers and priority of a hypothetical lien creditor who, without regard to his knowledge or that of any creditor of the existence of the unrecorded lien, may avoid it. Section 551 preserves for the benefit of the estate any transfer avoided by the trustee, with respect to any property of the estate. Even though this is the debtor's exempt homestead, it was property of the estate prior to the exercise of the exemption and, as such, Herrell's lien is preserved for the benefit of Baier's creditors (including Herrell).

Baier and Herrell also defended this adversary complaint by asserting that there was no equity in the property for the benefit of the estate and that to allow the trustee to administer the property would require him to violate his fiduciary duty to abandon valueless or burdensome assets under § 554. There is nothing in the record beyond counsel's statements in argument and the debtor's schedules concerning the value of the homestead. Based on the scheduled values, there does appear to be substantial equity in

---

[12] In her cross-examination of attorney Wurst, defendant's counsel implied that Wurst may have had some duty to record these mortgages himself. In the Court's view, this is simply not the case. Wurst did not represent Herrell. His client, Baier, did not instruct him to record the instruments; indeed, Baier's and Herrell's defense relies in part on Wurst's preparation of these documents on his own initiative. Having prepared them for Baier and not representing Herrell, Wurst had no duty to record these instruments, an action which, at the time, would have been adverse to his client's interest.

[13] KAN. STAT. ANN. § 58-2221 and § 58-2222 (1994).

7

the property from which the estate might benefit. It falls to the trustee to exercise appropriate business judgment in deciding how he will administer this property.[14]

Judgment should be entered on the trustee's complaint against the defendant, Rita Herrell, avoiding the individual mortgage granted her by Melissa Baier and the joint mortgage granted her by Marcus Baier and Melissa Baier. Judgment should also be entered against Melissa Baier preserving the Herrell lien for the benefit of the estate. A Judgment on Decision shall be entered this day.

# # #

---

[14] § 704(1).

8

Case 04-05054   Doc# 43   Filed 06/02/05   Page 8 of 8